## MYRNA NEWMAN
### *vs.*
## POLI-NEW ENGLAND THEATRES CO.

Superior Court      New Haven County      File No. 56157

MEMORANDUM FILED DECEMBER 12, 1939.

*John H. Sheehan,* of New Haven, for the Plaintiff.

*Morris W. Mendlesohn,* of New Haven, for the Defendant.

MUNGER, J. The plaintiff has suffered a shocking experience, but it seems clear that it is one which the defendant cannot be asked to pay for. I cannot see any act of negligence so far as lack of supervision is concerned. It is impossible to see how such supervision could avail. No method could be adopted that would be effective except one which would require a vast number of supervisors; neither can it be said that the lighting conditions were such as to show any act of negligence on the

part of the defendant. For all that appears they were the same as those that prevail in any movie theatre.

It seems that the real ground of action which has been pressed by the plaintiff is violation of the section 6282 of the General Statutes, Revision of 1930. The title of this statute indicates that its purpose is to prevent young children from being exposed to improper amusement. In the instant case the children were in fact taken into the theatre by an aunt who left them to sit by themselves. The plaintiff says the violation of the statute was an act of negligence. It is impossible to believe that the defendant did not know of this statute and its violation would seem rather to be a direct and intentional act. However that may be, I do not think it is possible to hold that the violation of this statute by the defendant was the proximate cause of the plaintiff's injury. The most that can be said is that the violation of the statute, leaving as it did a child in the theatre unattended, created a condition which afforded an opportunity for the commission of the injury, but this cannot be said to have been the cause of the injury.

The evidence offered by the defendant is to the effect that no complaints as a result of molesting children had been received. This obviously does not relieve the defendant from complying with the statute. I can see no ground of action in this case which makes a recovery by the plaintiff possible.